J-S33006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUAN M. VILLANUEVA, | |
| Appellant | No. 205 MDA 2017 |

Appeal from the PCRA Order Entered January 11, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005179-2013

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 05, 2017**

Appellant, Juan M. Villanueva, appeals *pro se* from the PCRA court's January 11, 2017 order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Briefly, in February of 2014, Appellant was found guilty, following a non-jury trial, of attempted burglary and criminal mischief.  On April 3, 2014, he was sentenced to a mandatory term of 10 to 20 years' imprisonment for his attempted burglary offense, as it constituted his second 'crime of violence' under 42 Pa.C.S. § 9714.  Appellant filed a timely notice of appeal with this Court, challenging the weight and sufficiency of the evidence, and also arguing that the trial court erred by denying his pretrial

_____

[*] Retired Senior Judge assigned to the Superior Court.

motion to proceed *pro se*. On April 10, 2015, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his subsequent petition for allowance of appeal. ***Commonwealth v. Villanueva***, 121 A.3d 1127 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 128 A.3d 1206 (Pa. 2015).

On July 19, 2016, Appellant filed a timely, *pro se* PCRA petition, and counsel was appointed. However, rather than filing an amended petition on Appellant's behalf, PCRA counsel filed a petition to withdraw and 'no merit' letter in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Therein, counsel identified the issues Appellant wanted to raise as follows:

> [Appellant], in his *pro se* PCRA application for relief, claims ineffective assistance of counsel and avers that his trial attorney … was ineffective for failing to file pre-trial motions upon request by [Appellant] and for failing to object when the complaining witness testified that his identification of [Appellant] was based on [Appellant's] garments and not a visual recognition of … [Appellant's] face. Furthermore, [Appellant] challenges the sufficiency and weight of the evidence used to convict him and avers that although these allegations of error are previously litigated and waived, the alleged errors have resulted in the conviction or affirmation of sentence of an innocent individual.

No Merit Letter, 10/19/16, at 4. Counsel concluded that these claims were either previously litigated or meritless, and therefore, he asked for permission to withdraw from representing Appellant.

On December 5, 2016, Appellant filed a *pro se* "Amended PCRA Petition," in which he raised several new claims. For instance, he challenged the legality of his sentence, and he also argued that trial counsel was ineffective for stipulating to Appellant's prior criminal history, and for not filing a pretrial motion to suppress a witness' out-of-court identification of Appellant.

On December 8, 2016, the PCRA court issued a Pa.R.Crim.P. notice of its intent to dismiss Appellant's petition. In that same order, the court granted PCRA counsel's petition to withdraw. Appellant did not file a response to the court's Rule 907 notice. Instead, on December 23, 2016, Appellant filed a second PCRA petition, in which he reiterated several of the claims that he had presented in his first PCRA petition, and also asserted a new claim that counsel was ineffective for not conveying to him a plea offer from the Commonwealth.

On January 11, 2017, the PCRA court issued an order dismissing Appellant's first PCRA petition. That same day, the PCRA court also issued an order - which was not docketed until January 12, 2017 - that dismissed Appellant's second petition, concluding that Appellant had raised "the exact same issues [as he presented] in his initial PCRA Petition." PCRA Court Order, 1/12/17.

On January 26, 2017, Appellant filed a timely, *pro se* notice of appeal from the court's January 11, 2017 order denying his first PCRA petition.[1] He also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant states the following three issues for our review, which we reproduce verbatim:

> I. Did the Commonwealth meet its burden either by offering evidence to disapprove an element of the states case or by demonstrating an absence of evidence to support this case.
>
> II. Did exhibit I confuse the evidence against the appellant.
>
> III. Was the Constitution violated when the trial court gave appellant a ten to twenty sentence.

Appellant's Brief at 6.

We begin by noting that our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). This Court

_____

[1] On March 7, 2017, the PCRA court filed a statement in accordance with Pa.R.A.P. 1925(a), in which it declares that Appellant is appealing from the denial of his **second** PCRA petition. We disagree. It is apparent from our review of Appellant's notice of appeal that he is appealing from the order dismissing his first petition. Notably, he attached the court's January 11, 2017 order dismissing his first petition to his notice of appeal. Additionally, in the notice of appeal, he refers to the fact that the PCRA court allowed his PCRA counsel to withdraw, which occurred during the litigation of his first petition. Therefore, we consider this appeal as stemming from the order denying Appellant's first petition, not his second.

grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. *Commonwealth v. Touw*, 781 A.2d 1250, 1252 (Pa. Super. 2001).

Having reviewed Appellant's *pro se* brief, we conclude that he is not entitled to post-conviction relief. First, his entire argument is just slightly over one page, and it is not divided into any sections corresponding with the above-stated issues. More problematic, Appellant does not sufficiently develop any of his issues to enable this Court to meaningfully review them. For instance, he makes bald assertions that suggest he is challenging the effectiveness of his trial counsel's representation, yet he provides no discussion of these claims. *See* Appellant's Brief at 9 (stating, without elaboration, that "Appellant made a timely request through his counsel to have a motion to dismiss, because the victim could not ID.[] him[;] "[t]rial counsel failed to act on my wishes when I requested a jury trial[;]" and "Appellant [was] denied [his] Constitutional rights to have effective representation during trial"). Additionally, to the extent that Appellant seemingly challenges the sufficiency and weight of the evidence, such claims were raised on direct appeal; therefore, they were previously litigated and do not entitle Appellant to post-conviction relief. *See* 42 Pa.C.S. § 9543(a)(3) (stating that to be eligible for relief, a PCRA petitioner must plead and prove "[t]hat the allegation of error has not been previously litigated or waived"); 42 Pa.C.S. § 9544(a)(2) ("For purposes of this

subchapter, an issue has been previously litigated if: … (2) the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue").

In sum, Appellant's undeveloped argument does not convince us that the PCRA court erred in denying his petition for post-conviction relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2017